540 So.2d 246 (1989)
Victoria UNGER, Appellant,
v.
NCNB NATIONAL BANK, Appellee.
No. 87-3237.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
Michael A. Kamen of Law Offices of Michael A. Kamen, West Palm Beach, for appellant.
N. Rives Balcom and Scott E. Schwartz of Britton & Kantner, P.A., Fort Lauderdale, for appellee.
*247 GARRETT, Judge.
Peter Sclafani deposited a one hundred dollar check and opened an account with appellee in the name of Broward Check Cashing Service, Inc. He ordered a supply of forms with "PERSONAL MONEY ORDER" printed on the top. After his check was returned for insufficient funds, appellee closed the account and contacted the printing company to cancel the order. The forms had already been mailed.
Thereafter, appellant agreed to loan Mr. Sclafani ten thousand dollars. As collateral for the loan, Sclafani gave appellant ten of the personal money orders each made out by him for one thousand dollars. Later, appellant presented them for collection. The appellee refused to pay.
Personal money orders are not mentioned in the Uniform Commercial Code. The authority is divided as how to treat such instruments. Garden Check Cashing Serv., Inc. v. First Nat'l City Bank, 25 A.D.2d 137, 267 N.Y.S.2d 698 (1st Dep't), aff'd mem., 18 N.Y.2d 941, 223 N.E.2d 566, 277 N.Y.S.2d 141 (1966), treats them as checks subject to dishonor since no bank officer signed or certified the instrument. Sequoyah State Bank v. Union National Bank of Little Rock, 274 Ark. 1, 621 S.W.2d 683 (1981) and Interfirst Bank Carrollton v. Northpark National Bank of Dallas, 671 S.W.2d 100 (Tex. App. 1984), treat them as cashier's checks or bank money orders not subject to dishonor as dictated by custom and usage.
We conclude that anyone in the South Florida banking community receiving a personal money order, as issued by appellee, would believe, as is customary with other money orders in general use in the area, the bank whose name appeared thereon already had received sufficient moneys from the remitter to pay the personal money order when presented.
The appellant and the appellee are both innocent parties. As between innocent parties the one who enabled the fraudulent act to be committed should bear the loss. But for appellee's issuance of the personal money orders there would be no loss. See Emerick v. Long Island Trust Co., 20 U.C.C.Rep. 424 (N.Y.App. 1976).
The legislature may want to consider legislation to address the continued use of personal money orders in this state.
Accordingly, we reverse and remand for further proceedings consistent herewith.
HERSEY, C.J., concurs.
WALDEN, J., dissents without opinion.